UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: REQUEST FOR INTERNATIONAL ASSISTANCE FROM THE TAIPEI DISTRICT COURT IN TAIPEI, TAIWAN, IN THE MATTER OF JOHN CHEYU WU v. YING TUNG CHEN | Case No.:  26-mc-00391-JLB<br><br>**REPORT AND RECOMMENDATION RE: EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782**<br><br>**[ECF No. 1]** |

This Report and Recommendation is submitted to the Honorable Cynthia Bashant, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.[1]

Before the Court is an *ex parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to obtain discovery for use in foreign proceedings by the United States of America

---

[1] *See CPC Pat. Techs. Pty Ltd v. Apple, Inc.,* 34 F.4th 801, 808 (9th Cir. 2022) (holding that a ruling on a 28 U.S.C. § 1782 application should be regarded as a dispositive matter for purposes of 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72); *see also CPC Pat. Techs. Pty Ltd v. Apple, Inc,* 119 F. 4th 1126, 1130 (9th Cir. 2024).

("Applicant"). (ECF No. 1.) Applicant asserts that the subpoena *duces tecum* seeks evidence that is relevant to a family property distribution proceeding in a case currently pending in Taiwan. (*Id*.) Despite being given the opportunity to file a response (ECF No. 7), Hatch Bank had not opposed the *ex parte* application[2]. For the reasons set forth below, the Court **RECOMMENDS** that the *ex parte* application be **GRANTED**.

## I.    BACKGROUND

This application is related to a family property distribution proceeding in a case currently pending in Taiwan before Chief Judge Liu Tai-an, of the Taipei District Court. (ECF No 1-1 at 1.) On February 23, 2026, Applicant filed an *ex parte* application for an Order pursuant to 28 U.S.C. § 1782, appointing Assistant United States Attorney, Laura C. Sambataro as Commissioner for purposes of issuing a subpoena for the requested information on the legal representative of Hatch Bank. (ECF No. 1.)

## II.    LEGAL STANDARD

Title 28 section 1782 of the United States Code provides: "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. 1782(a). Section 1782's purpose is to "provide judicial assistance to foreign or international tribunals or to 'interested person[s]' in proceedings abroad." *See Intel Corp., v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 247 (2004). The party seeking discover is not required to establish that the information it seeks would be discoverable under the foreign court's law or that the United States would permit the discovery at issue in an analogous domestic proceeding. *Palantir Techs., Inc., v.*

---

[2]    On June 1, 2026, this Court issued a briefing schedule setting June 29, 2026, as the deadline for the filing of any opposition to the *ex parte* application and July 6, 2026, as the date for applicant to file a reply. (ECF No. 7.) As no opposition has been filed, the Court determines that a reply from Applicant is no longer necessary.

*Abramowitz*, 415 F. Supp. 3d 907, 912 (N.D. Cal. 2019) (citing *Intel*, 542 U.S. at 247, 261-63).

Under section 1782(a) a district court may authorize discovery where "(1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin,* 931 F.3d 922, 925 (9th Cir. 2019) (quoting 28 U.S.C. § 1782(a)).  Even if the statutory requirements are satisfied, a district court still has the discretion to deny the requested discovery.  *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 563 (9th Cir. 2011); *see also Intel*, 542 U.S. at 264 ("A district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so.").  In *Intel*, the United States Supreme Court provided guidance, identifying four non-exclusive factors district court's should consider, namely: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) the "nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court" to United States federal court assistance; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies"; and (4) whether the request is "unduly intrusive or burdensome." 542 U.S. at 264-65; *see also In re Koninklijke Philips N.V.*, No 17-MC-1681-WVG, 2018 WL 620414, at 1 (S.D. Cal. Jan. 3, 2018).

## III.   DISCUSSION

### A.   Applicant Satisfies the Statutory Requirements.

The application meets the statutory requirements imposed by section 1782.  First, Hatch Bank's service agent is found within the district at 1001 W. San Marcos Blvd, Suite 125, San Marcos, CA 92078.  (ECF No. 1-2 at 3.)  Second, this application is for discovery that will be used in proceedings in Tawan's Taipei District Court which qualifies as a foreign tribunal.  (*Id*. at 2.)  Third, the application has been made by foreign or international tribunal.  (*See generally* ECF No. 1-2*.)*

26-mc-00391-JLB

**B.      The Discretionary Factors Favor Discovery**

Next, the Court turns to whether the discretionary factors support permitting Chief Judge Liu Tai-an's requested discovery.

### 1.      *Foreign Tribunal's Jurisdictional Reach*

If the entity from whom discovery is sought is not a party to the foreign litigation, the party may be outside the foreign government's jurisdiction, and their evidence, available in the United States, may not be obtainable without § 1782(a) assistance. *Intel,* 542 U.S. at 264 ("nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.").

Chief Judge Liu Tai-an represents that the Taipei District Court has heard a case regarding the distribution of the remainder of marital property after the divorce of a United States citizen, John Cheyu Wu, and a Republic of China citizen, Ying Tung Chen. (ECF No. 1-2 at 2.) The divorce case and the custody case were settled on December 14, 2021, and March 31, 2023, respectively. (*Id.*) The only remaining issue is the distribution of the remaining marital property. (*Id.*)

"Article 1030-1, Paragraph 1, of the Civil Code of the Republic of China [provides], '[u]pon dissolution of the statutory marital property regime, the remainder of the property acquired by the husband or wife in marriage, after deducting the debts incurred during the continuance of the marriage relationship, if any, shall be equally distributed to the husband and wife.'" *Id.* Thus, Chief Judge Lui Tai-an requests a subpoena be issued to Hatch Bank to produce the account balance of the United States account held by the husband, John Cheyu Wu, as of September 23, 2021, and December 14, 2021. (*Id.* at 3.)

It is undisputed that Hatch Bank is not a party to the Taiwanese litigation and Chief Judge Liu Tai-an is unable to obtain the material needed through the foreign proceedings. Accordingly, this factor weighs in favor of granting discovery.

///

///

26-mc-00391-JLB

### 2. *Receptivity of the Foreign Government*

The second factor requires courts to consider the character of the foreign proceedings and assess whether the foreign court is receptive to the requested discovery. *Intel*, 542 U.S. at 264.

Here it is the foreign court itself, by way of Chief Judge Liu Tai-an, that is seeking assistance, which is indicative of it being receptive to the evidence it seeks. Thus, this factor weighs in favor of granting the application.

### 3. *Attempt to Circumvent Foreign Restrictions or Policies*

Third, the court considers whether the application "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. "[The] absence of evidence of attempted circumvention weighs in favor of an application." *In re Tagami,* No. 21-mc-80153-JCS, 2021 WL 5322711, at *3 (N.D. Cal. Nov. 16, 2021.)

Here, the applicant has provided information regarding Article 1030-1, Paragraph 1, of the Civil Code of the Republic of China which requires that upon dissolution of marriage "the remainder of the property acquired by the husband or wife in marriage, after deducting the debts incurred during the continuance of the marriage relationship, if any, shall be equally distributed to the husband and wife." ECF No. 1-2 at 2. To ensure that the division of the remainder of the property is made appropriately, the Taipei District Court has requested help gathering the information identified in the application. Accordingly, the Court finds that the application is not being made to circumvent any restrictions or policies of the foreign jurisdiction, but to obtain the limited discovery that has been difficult to obtain.

### 4. *Unduly Intrusive or Burdensome Requests*

Under *Intel,* "unduly intrusive or burdensome requests may be rejected or trimmed." 542 U.S. at 265. Here, the Applicant is simply asking for a subpoena *duces tecum* to obtain information regarding the balances in bank account held by a spouse on two specific dates.

(ECF No. 1-2 at 3.)  This limited and specific request is neither unduly intrusive nor burdensome.  Accordingly, this factor weighs in favor of granting the application.

## IV.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the *ex parte* application related to Chief Judge Liu Tai-an's request to obtain discovery for use in foreign proceedings be **GRANTED**.  Accordingly, the Court **RECOMMENDS** that Assistant United States Attorney Laura C. Sambartaro be appointed commissioner to issue subpoenas and take all other necessary actions to obtain the requested information.  *See, e.g., In re Clerici*, 481 F.3d 1324, 1329 (11th Cir. 2007) (appointing Assistant U.S. Attorney as commissioner for the purpose of obtaining the evidence requested); *Young v. U.S. Dep't of Justice*, 882 F.2d 633, 635 (2d Cir. 1989) (holding that the Right to Financial Privacy Act is not applicable to the appointment of an Assistant United States Attorney as commissioner to obtain financial records with court-ordered subpoenas).

Any party having objections to the Court's proposed findings and recommendations shall serve and file specific written objections within 14 days after being served with a copy of this Report and Recommendation.  *See* Fed. R. Civ. P. 72(b)(2).  The objections shall be captioned "Objections to Report and Recommendation."  A party may respond to the other party's objections within 14 days after being served with a copy of the objections.

**IT IS SO ORDERED**.

Dated:  July 6, 2026

Hon. Jill L. Burkhardt
United States Magistrate Judge

26-mc-00391-JLB